# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAMS SIMONS & LANDIS PC,** | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case No. 1:26-CV-00034** |
| | § | |
| | § | |
| **RISKON INTERNATIONAL, INC. F/K/A** | § | |
| **ECOARK HOLDINGS, INC., ECOARK,** | § | |
| **INC., ZEST LABS HOLDINGS LLC, ZEST** | § | |
| **LABS, INC., F/K/A INTELLEFLEX CORP.,** | § | |
| **AND BARTKO PAVIA LLP,** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF WILLIAMS SIMONS & LANDIS PC'S RESPONSE IN
OPPOSITION TO DEFENDANTS RISKON INTERNATIONAL, INC., ECOARK, INC.,
ZEST LABS HOLDINGS LLC, AND ZEST LABS, INC.'S MOTION TO DISMISS, OR
<u>IN THE ALTERNATIVE ABSTAIN</u>**

# I. PRELIMINARY STATEMENT

Defendants' motion rests on a false premise that this case adjudicates the rights of Vinson & Elkins. It does not. This case is a straightforward dispute over Defendants' refusal to pay attorneys' fees owed to Plaintiff Williams Simons & Landis PC ("**WSL**" or "**Plaintiff**") for legal services performed in litigation against Walmart. WSL alleges that it entered into written engagement agreements with Defendants, performed substantial work pursuant to those agreements, and that Defendants refused to pay the compensation owed. Rather than address that dispute on the merits, Defendants seek dismissal based on joinder, abstention, and pleading arguments that do not withstand scrutiny.

Defendants' motion should be denied for at least three independent reasons. First, under Rule 19, Vinson & Elkins LLP ("**V&E**"), another law firm involved in the Walmart litigation is not an indispensable party. Rule 19 does not require joinder of every entity connected to the underlying events, and WSL's contractual claims against Defendants can be fully resolved without V&E. Second, Defendants argue repeatedly that V&E needs to be in the case while omitting any mention of their own power to bring V&E into the case through supplemental jurisdiction. Under § 1367(b), Defendants may bring claims against V&E without destroying this Court's subject matter jurisdiction because this Court would have supplemental jurisdiction of any such claims by *defendants* (unlike claims by *plaintiffs*). In other words, Defendants themselves have the power to resolve their primary objection and cure any perceived prejudice. Third, Defendants' request for Colorado River abstention fails because the separate state malpractice action involves different claims and issues, and their Rule 12(b)(6) arguments rely on disputed factual assertions outside the Complaint. Because none of Defendants' theories provides a basis for dismissal, the Motion should be denied.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(7)—Failure to Join Required Party

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for "failure to join a party under Rule 19," which proceeds in two steps.[1]. First, the court determines whether the absent person is "required" under Rule 19(a)—that is, whether the court cannot accord complete relief among existing parties in the person's absence, or whether disposing of the action without the person may impair that person's interests or expose an existing party to a substantial risk of inconsistent obligations.[2] The burden of demonstrating that a party is required rests on the movant.[3] Second, if the absent person is required but cannot be joined, the court determines under Rule 19(b) whether "in equity and good conscience" the action should proceed or be dismissed, considering: (1) the extent of prejudice to the absent party or existing parties; (2) whether prejudice could be lessened or avoided; (3) whether a judgment rendered without the absent party would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed.[4] Dismissal under Rule 19(b) is a "drastic remedy" appropriate only when the movant demonstrates the case cannot proceed "in equity and good conscience" without the absent party.[5]

### B.    Colorado River Abstention

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, and abstention is therefore the "exception, not the rule."[6] *Colorado River*

---

[1] *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)

[2] Fed. R. Civ. P. 19(a)(1); *Hood*, 570 F.3d at 628.

[3] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

[4] Fed. R. Civ. P. 19(b); P*rovident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–11 (1968).

[5] *Hood*, 570 F.3d at 629.

[6] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976).

abstention applies only when the federal and state proceedings are "parallel"—meaning they involve substantially the same parties litigating substantially the same issues—and even then only in "exceptional circumstances" after carefully balancing six factors: (1) whether either court has assumed jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law governs; and (6) the adequacy of the state proceedings to protect the parties' rights.[7] These factors are not a mechanical checklist but must be carefully balanced with the scales "heavily weighted in favor of the exercise of jurisdiction," and any doubt must be resolved in favor of retaining jurisdiction.[8]

### C. Rule 12(b)(6) Failure to State a Claim

To survive a Rule 12(b)(6) motion, a complaint need only contain sufficient factual matter, accepted as true, to state a claim plausible on its face.[9] The Court must accept all well-pleaded allegations as true, draw all reasonable inferences in the plaintiff's favor, and may not resolve factual disputes at the pleading stage. Dismissal is inappropriate where the complaint plausibly alleges facts that, if true, would entitle the plaintiff to relief.[10]

### III. STATEMENT OF FACTS

This is the first-filed action. WSL filed this federal complaint on January 8, 2026 at 12:00:46 a.m. to enforce its own written engagement agreement with Defendants—an agreement negotiated and entered into by WSL and Defendants directly, governing the terms of WSL's

---

[7] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006).

[8] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Stewart*, 438 F.3d at 491–92.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

representation and the compensation Defendants agreed to pay. Compl. ¶¶ 1, 19–34. Defendants filed their state-court action hours later the same day. The sequencing is not disputed. Nor does V&E's separate engagement agreement with Defendants change that calculus: V&E operated under its own distinct contract, and the fact that certain terms carried over from V&E's engagement to WSL's does not merge the two agreements or render V&E an indispensable party to a dispute about WSL's independent contractual rights. Id. ¶¶ 23–24, 27. Defendants' attempt to recast WSL's first-filed complaint as an act of bad faith fares no better. The Tolling Agreement expressly permitted the parties to commence litigation during the seven-day window preceding the January 15, 2026 Tolling Termination Date, and WSL filed within that window. Mot. Ex. 6 ¶ 7. No extension was ever executed or agreed upon. Mot. Ex. 7. Having lost the race to the courthouse in a dispute they knew was coming, Defendants cannot transform their own tardiness into a bad-faith narrative—the law does not permit a second-filing party to manufacture such a charge from the simple fact of being second.

## IV.     ARGUMENT

### A.     V&E Is Not a Required Party, and Rule 12(b)(7) Provides No Basis for Dismissal

#### 1.     WSL's Claims Arise From its Own Independent Engagement Agreement

Defendants' Rule 19 argument rests on a flawed premise: that WSL seeks to enforce rights derived from V&E's engagement agreement in the underlying Walmart litigation. That premise is incorrect. WSL's claims arise from **its own written engagement agreements with Defendants**, which created contractual rights and obligations independent of any agreement involving V&E.

The Complaint alleges that WSL entered into written engagement agreements with Defendants to provide legal services in connection with the Walmart litigation and related

matters.[11] Those agreements governed the terms of WSL's representation, including the compensation Defendants agreed to pay WSL for its services.[12] WSL's claims in this action seek to enforce **those agreements**, not any agreement involving V&E.

Because WSL's claims arise from its own contracts with Defendants, the Court can fully adjudicate the dispute between WSL and Defendants without determining any rights belonging to V&E. Rule 19(a)(1)(A) asks only whether the Court can accord complete relief among the existing parties—not whether the litigation may involve events in which others also participated. Here, the Court need only determine: (1) whether WSL and Defendants entered into enforceable engagement agreements, (2) whether WSL performed legal services pursuant to those agreements, (3) whether Defendants breached their payment obligations, and (4) the amount of damages owed to WSL. None of those issues requires adjudicating V&E's contractual rights or obligations.

Defendants nevertheless argue that V&E must be joined because it also participated in the Walmart litigation and may assert its own fee interests arising from that representation. But the possibility that another law firm may assert **separate claims arising from its own engagement agreement** does not make that firm a required party under Rule 19.[13]

The Fifth Circuit has held that parties with related interests in the subject matter of litigation are not required under Rule 19 where their rights will not be impaired by the judgment.[14] In *HS Resources, Inc. v. Wingate*, the court rejected a Rule 12(b)(7) motion seeking joinder of other

---

[11] Compl. ¶¶ 27–34.

[12] *See* Compl. ¶¶ 19–34.

[13] *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *Estate of Harris v. Eichelberger*, No. 3:21-CV-306-DPJ-FKB, 2021 WL 5771924, at *4–6 (S.D. Miss. Dec. 6, 2021).

[14] *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) ("joinder of the other Royalty Owners was not warranted because the leases they entered into with Interstate required that they be paid royalties on a pooled basis regardless of whether the unit was determined to be valid or invalid as to any other owner.").

royalty owners in a pooled drilling unit, holding that joinder was unnecessary because the outcome of the dispute would not affect those owners' contractual rights.

Defendants' theory creates the type of inconsistent obligations that Rule 19 is designed to prevent. An inconsistent obligation arises only where a party cannot comply with one court order without violating another.[15] That risk does not exist here. If Defendants are found liable to WSL for breach of the WSL engagement agreements, Defendants can satisfy that judgment by paying the amount owed under those agreements.[16] Any separate dispute involving V&E's compensation would arise from **different contractual rights** and would not create mutually incompatible obligations.[17]

Therefore, Defendants' Rule 19 theory improperly conflates the fact that multiple lawyers may have participated in related litigation with the legal question of whether their contractual rights are interdependent. They are not. WSL's claims arise from its own agreements with Defendants and can be fully resolved without adjudicating any rights belonging to V&E.

Accordingly, V&E is not a required party under Rule 19(a), and Defendants' request for dismissal under Rule 12(b)(7) should be denied.

        2.     <u>Complete Relief Can Be Granted Between the Existing Parties Without V&E</u>

---

[15] *See, e.g.*, *Estate of Harris v. Eichelberger*, No. 3:21-CV-306-DPJ-FKB, 2021 WL 5771924, at *4–6 (S.D. Miss. Dec. 6, 2021).

[16] *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *Estate of Harris v. Eichelberger*, No. 3:21-CV-306-DPJ-FKB, 2021 WL 5771924, at *4–6 (S.D. Miss. Dec. 6, 2021).

[17] *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *Estate of Harris v. Eichelberger*, No. 3:21-CV-306-DPJ-FKB, 2021 WL 5771924, at *4–6 (S.D. Miss. Dec. 6, 2021).

Rule 19(a)(1)(A) requires joinder only when a court cannot accord "complete relief among the existing parties."[18] The inquiry focuses solely on the dispute between the parties before the court—not on the potential interests of nonparties.[19]

That standard is readily satisfied here. WSL seeks damages arising from Defendants' failure to pay attorneys' fees and expenses owed under the WSL engagement agreements.[20] Resolving those claims requires the Court to determine whether the agreements exist, whether

WSL performed, whether Defendants breached, and what damages are owed. Those questions can be answered entirely between WSL and Defendants.

Defendants nevertheless contend that V&E must be joined because it also participated in the underlying Walmart litigation.[21] That argument misunderstands Rule 19. The mere possibility that another law firm may assert its own contractual rights does not prevent the Court from determining Defendants' liability to WSL.[22] Accordingly, the Court can grant complete relief between the existing parties without V&E, and Rule 19(a)(1)(A) provides no basis for joinder.

        3.      <u>V&E's Absence Does Not Create a Risk of Inconsistent Obligations</u>

Defendants also fail to show that proceeding without V&E would expose them to a substantial risk of "double, multiple, or otherwise inconsistent obligations" under Rule 19(a)(1)(B)(ii).[23] The Fifth Circuit has made clear that Rule 19 concerns inconsistent obligations— not merely the possibility of multiple litigation or inconsistent adjudications.[24] An inconsistent

---

[18] Fed. R. Civ. P. 19(a)(1)(A); *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

[19] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308–09 (5th Cir. 1986).

[20] Compl. ¶¶ 45–52, 56–61.

[21] Mot. at 4–7.

[22] *Hood*, 570 F.3d at 628; *Pulitzer-Polster*, 784 F.2d at 1309.

[23] Fed. R. Civ. P. 19(a)(1)(B)(ii).

[24] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

obligation arises only when a party cannot comply with one court's order without breaching another.[25] The mere possibility that different courts may reach different conclusions about related issues does not trigger Rule 19.[26]

Defendants contend that V&E must be joined because both firms allegedly have an interest in the same contingent fee from the Walmart litigation.[27] But that theory does not create inconsistent obligations within the meaning of Rule 19. WSL's claims concern Defendants' contractual obligation to pay WSL for legal services performed under the WSL engagement agreements.[28] Whether Defendants breached those agreements can be determined independently of any dispute involving V&E's alleged fee interests. Even if V&E were to assert its own claims relating to its representation, that would create, at most, the possibility of separate litigation—not incompatible obligations requiring Rule 19 joinder.

Courts routinely reject Rule 19 arguments premised on the possibility that multiple parties may claim entitlement to related fees or damages. That circumstance may lead to additional litigation, but it does not place the defendant at risk of being subject to mutually inconsistent court orders.[29] Here, Defendants can fully satisfy any judgment in this case by paying the amount owed to WSL. Any separate dispute concerning V&E's rights—if one exists—can be addressed independently and does not prevent the Court from adjudicating WSL's claims. Because Defendants face no risk of inconsistent obligations within the meaning of Rule 19, V&E's absence provides no basis for dismissal under Rule 12(b)(7).

---

[25] *Id.*

[26] *Id.*; *see also Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 631 (5th Cir. 2009).

[27] Mot. at 4–6.

[28] Compl. ¶¶ 45–52.

[29] *See Temple v. Synthes Corp.*, 498 U.S. 5, 7–8 (1990) (holding that potential claims by other parties do not make them required parties under Rule 19); *Pulitzer-Polster*, 784 F.2d at 1309.

    4.    <u>Even If V&E Were Required, the Rule 19(b) Factors Overwhelmingly Favor Proceeding With This Case</u>

Even if V&E were considered a required party—it is not—dismissal would still be unwarranted because Rule 19(b)'s factors strongly favor allowing the case to proceed. When joinder is not feasible, Rule 19(b) directs courts to determine whether "in equity and good conscience" the action should proceed among the existing parties or be dismissed.[30] In doing so, courts consider: (1) the potential prejudice to the absent party or existing parties; (2) the extent to which any prejudice could be mitigated; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed.[31] Dismissal under Rule 19(b) is a "drastic remedy" and should be ordered only when the action cannot, in equity and good conscience, proceed without the absent party.[32]

None of the Rule 19(b) factors supports dismissal here. First, and most importantly, Defendants themselves can bring V&E into this federal lawsuit without destroying diversity jurisdiction. As explained more fully below, Defendants may bring in this Court the same claims against V&E that they have already brought in the "State Court Case." This Court would have supplemental jurisdiction over those claims, as well as any fee counterclaims brought by V&E. Thus "equity and good conscience" cannot favor dismissal when Defendants themselves can bring into this lawsuit the very party they complain is absent. Defendants themselves can cure any prejudice they assert from V&E's absence.

Furthermore, Defendants' speculation that V&E might prefer to participate in this dispute does not establish the type of concrete prejudice required for dismissal under Rule 19(b). First,

---

[30] Fed. R. Civ. P. 19(b).

[31] *Id.*; *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 108–11 (1968).

[32] *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009).

<u>**OPPOSITION TO MOTION TO DISMISS**</u>          **Page 9**

proceeding without V&E would not prejudice either V&E or Defendants because the Court need only determine whether Defendants breached their contractual obligations to WSL.[33] Second, to the extent Defendants speculate about potential overlapping claims, any such concerns can be addressed through ordinary litigation tools—including offset, allocation, or separate proceedings—without dismissing this action. Third, a judgment resolving whether Defendants owe fees to WSL would be fully adequate to resolve the dispute presented in the Complaint.[34] Fourth, this Court may readily mitigate any potential prejudice against V&E by shaping the relief through protective provisions in the judgment.[35] Finally, dismissal would significantly prejudice WSL by depriving it of the forum it selected to enforce its contractual rights and forcing it to litigate those claims in a separate proceeding.[36] Where the Rule 19(b) factors overwhelmingly favor allowing the case to proceed, dismissal under Rule 12(b)(7) would be improper even if V&E were considered a required party.

### B. Defendants Could Implead V&E if They Believed its Presence Necessary, Rendering Dismissal Under Rule 12(b)(7) Unnecessary

Defendants' Rule 12(b)(7) motion rests on a single load-bearing premise: that V&E is a required party whose joinder would destroy diversity jurisdiction, leaving dismissal as the only available remedy. That premise is wrong. Even assuming V&E were a required party—which it is not—dismissal would still be unwarranted under the Rule 19(b) factors because Zest can bring V&E into this action without destroying this Court's subject matter jurisdiction. The motion should be denied on this basis alone.

---

[33] Compl. ¶¶ 45–52.

[34] *See Provident Tradesmens*, 390 U.S. at 111.

[35] *See Clark v. Kick*, 79 F. Supp. 2d 747, 753 (S.D. Tex. 2000).

[36] *See id.*

### 1. Defendants' Rule 19 Analysis Ignores Their Ability to Join V&E

The Rule 12(b)(7) analysis proceeds in sequence. Only if a required party cannot be joined does the Court reach the Rule 19(b) question of whether to dismiss.[37] Defendants' motion assumes that because V&E's joinder as a plaintiff or defendant would destroy diversity, joinder is categorically infeasible. That assumption is incorrect. Defendants do not mention their own power to bring V&E into this case by asserting the same claims they asserted against V&E in what they call the "State Court Case." In that posture, V&E's citizenship would not defeat this Court's jurisdiction over the existing claims.

### 2. Defendants Can Implead V&E

Even if V&E were a required party, joinder would not necessarily destroy diversity jurisdiction. Any claims Zest might assert against V&E or V&E's counterclaims would arise from the same nucleus of operative facts as WSL's claims—namely, the parties' representation in the Walmart litigation and the alleged failure to pay attorneys' fees.[38] Such claims would therefore fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).[39] Accordingly, the possibility that V&E might be joined does not require dismissal under Rule 19.

### 3. Section 1367(b) Does Not Bar Supplemental Jurisdiction Over V&E's Claims

Section 1367(b) carves out certain claims from supplemental jurisdiction in diversity cases—specifically, claims "by plaintiffs" against persons made parties under Rules 14, 19, 20, or 24, where exercising supplemental jurisdiction would be inconsistent with § 1332's jurisdictional requirements.[40]

---

[37] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986).

[38] Compl. ¶¶ 19–40.

[39] 28 U.S.C. § 1367(a).

[40] 28 U.S.C. § 1367(b).

The § 1367(b) bar thus would not apply here to claims brought by Defendants against V&E. Whether brought as third-party claims under Rule 14 or counterclaims to a party joined under Rule 20, any claims by Defendants against V&E would not be brought "by plaintiffs." So if Defendants were to implead V&E as a third-party defendant, that third-party claim would not be subject to § 1367(b)'s limitation.[41] This is precisely how the Fifth Circuit interprets § 1367(b).[42] In fact, the Fifth Circuit overturned a district court's improper grant of dismissal under Rule 19 under these same circumstances.[43]

In the same vein, if V&E were joined under this mechanism and asserted its own fee claims against Defendants, those would be claims by V&E against Defendants, not claims by the original plaintiff WSL against V&E. Thus, this Court would also have supplemental jurisdiction over those claims. The § 1367(b) limitation is directed at preventing plaintiffs from manufacturing diversity by strategically aligning non-diverse parties as defendants after the fact. It does not apply to independent claims asserted by defendants.[44]

### 4. This Court Has Authority to Shape Relief to Protect All Parties

Even setting aside the supplemental jurisdiction analysis, Rule 19(b) expressly authorizes this Court to shape the relief it fashions in a judgment to protect the interests of absent parties.[45] If the Court were concerned that a judgment in V&E's absence might prejudice V&E's fee interests,

---

[41] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 n.18 (1978); Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726 (2d Cir. 2000).

[42] *State Nat. Ins. Co. Inc. v. Yates,* 391 F.3d 577, 580–81 (5th Cir. 2004); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 n.18 (1978); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726 (2d Cir. 2000).

[43] *State Nat. Ins. Co. Inc.*, 391 F.3d at 580.

[44] *See Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996).

[45] Fed. R. Civ. P. 19(b)(2).

it could structure any injunctive or declaratory relief accordingly.[46] This Court's ability to protect any financial interest that V&E may have through "protective provisions in the judgment" would substantially mitigate any minimal prejudice that V&E's absence may cause, further demonstrating the impropriety of the drastic remedy of dismissal.

5.    Defendants' Diversity-Destruction Argument Proves Too Much

Finally, Defendants' argument has an internal logical problem that the Court should not overlook. Defendants contend that V&E is a required party because its absence exposes Defendants to the risk of inconsistent obligations—specifically, the possibility that this Court might award WSL a fee and a separate court might award V&E a fee from the same pool of settlement proceeds. But if that risk of inconsistent obligations is sufficient to make V&E a required party, then Defendants' own position is self-defeating: they are arguing simultaneously that V&E must be in this case and that V&E cannot be in this case. The solution to that dilemma— which lies in Defendants' own hands—is not dismissal but a third-party claim under supplemental jurisdiction, which resolves both the completeness concern and the jurisdictional concern in a single stroke.

Accepting Defendants' argument would allow any defendant in a diversity action to manufacture a basis for dismissal simply by identifying a related non-diverse party with a colorable interest in the subject matter of the litigation. Rule 19 was not designed to be weaponized in that manner.

---

[46] *See Clark*, 79 F. Supp. at 753.

**C. Colorado River Abstention Is Not Warranted Because This Case Is Not Parallel to the State Action and No Exceptional Circumstances Exist**

1. The Federal and State Actions Are Not Parallel

Colorado River abstention applies only if the federal and state proceedings are "parallel."[47] Proceedings are parallel only when they involve substantially the same parties litigating substantially the same issues.[48] If the suits are not parallel, the Colorado River doctrine does not apply and the federal court must exercise its jurisdiction.[49]

The actions Defendants rely on are not parallel. This case concerns Defendants' refusal to pay attorneys' fees owed to WSL under written engagement agreements and related claims arising from that nonpayment.[50] The Complaint alleges that WSL performed substantial legal services, that those services generated significant value for Defendants, and that Defendants breached their contractual obligations by refusing to pay the compensation owed.[51]

The state-court action Defendants cite, by contrast, is a legal malpractice suit brought by Zest against WSL and others concerning alleged deficiencies in the underlying Walmart litigation.[52] That case centers on alleged negligence and fiduciary breaches in the provision of legal services. The claims, issues, and requested relief therefore differ fundamentally from those presented here. The parties are also materially different. The state action includes claims against multiple attorneys and law firms, including V&E, while this case concerns WSL's contractual rights against Defendants and claims against Bartko arising from its alleged interference with those

---

[47] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[48] *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

[49] *Stewart*, 438 F.3d at 491; *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

[50] Compl. ¶¶ 45–52, 77–84.

[51] *Id.*

[52] Mot. at 2–3.

rights.[53] Because the two proceedings involve different parties, different claims, and different legal issues—they are not parallel within the meaning of Colorado River. For that reason alone, abstention is improper and the Court must exercise its jurisdiction over this case.[54]

2.    The Colorado River Factors Strongly Favor Exercising Jurisdiction

Even if the actions were parallel—which they are not—the Colorado River factors overwhelmingly favor retaining jurisdiction. Federal courts may abstain under Colorado River only in "exceptional circumstances," and the balance of factors is "heavily weighted in favor of the exercise of jurisdiction."[55] No such exceptional circumstances exist here.

First, neither court has assumed jurisdiction over a res. This case concerns Defendants' alleged failure to pay attorneys' fees owed under engagement agreements with WSL, not control over property or a specific fund.[56] Where no court has exercised jurisdiction over a res, this factor weighs against abstention.[57]

Second, the federal forum is not inconvenient. The Western District of Texas is a convenient and appropriate forum for resolving the dispute, and Defendants identify no meaningful burden associated with litigating here.[58]

Third, abstention would not meaningfully reduce piecemeal litigation. The Fifth Circuit has made clear that the mere possibility of parallel litigation does not justify abstention; rather,

---

[53] Compl. ¶¶ 65–76.

[54] *See, e.g.*, *Stewart*, 438 F.3d at 491; *Black Sea Inv.*, 204 F.3d at 650.

[55] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[56] Compl. ¶¶ 45–52.

[57] Stewart, 438 F.3d at 492.

[58] *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000) (finding the inconvenience factor neutral where both forums are reasonably convenient).

there must be a strong federal policy against piecemeal adjudication.[59] No such policy is implicated here. This action concerns Defendants' contractual obligations to WSL, while the state case concerns alleged malpractice in the underlying Walmart litigation.[60] Because the claims involve different legal theories and relief, allowing both cases to proceed does not create the type of piecemeal litigation Colorado River is intended to prevent.

Fourth, the order of filing does not favor abstention. Although Defendants point to the existence of the state action, the relevant inquiry is not which case was filed first but how much progress has been made in each forum.[61] Defendants identify no basis to conclude that the state case has progressed so substantially that this Court should decline to exercise jurisdiction.

Defendants also suggest that this action should be discounted because it was allegedly filed "anticipatorily" or in violation of a tolling agreement.[62] But the Colorado River analysis does not turn on speculative accusations about litigation strategy; rather, the inquiry focuses on the relative progress of the proceedings and the nature of the claims asserted.[63] This action asserts independent contractual claims for unpaid attorneys' fees that are not resolved in the state malpractice action, and the mere existence of related litigation does not justify abstention.

Fifth, the presence of state law issues does not support abstention. While WSL's claims arise under state law, federal courts routinely adjudicate state-law claims in diversity actions. The Fifth Circuit has repeatedly held that the presence of state law issues alone does not justify abstention.[64]

---

[59] *Id.* at 650–51.

[60] Mot. at 2–3.

[61] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

[62] Mot. at 9.

[63] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

[64] *Stewart*, 438 F.3d at 492.

Finally, the state forum is not uniquely adequate or superior to this Court. Federal courts are fully capable of adjudicating the contractual and related claims asserted in the Complaint, and nothing about the state proceeding renders it a more appropriate forum.[65]

None of the Colorado River factors favors abstention—let alone establishes the "exceptional circumstances" required to justify it. Accordingly, the Court should exercise its "virtually unflagging obligation" to retain jurisdiction over this action.[66]

**D.      The Complaint Easily States Plausible Claims for Relief Under Rule 12(b)(6)**

1.      WSL Plausibly Alleges Breach of Contract

To state a breach-of-contract claim under Texas law, a plaintiff must allege: (1) the existence of a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages resulting from the breach.[67]

The Complaint easily satisfies that standard. The Complaint plausibly alleges breach of contract. WSL alleges that it entered written engagement agreements with Defendants, performed substantial legal services in the Walmart litigation, and that Defendants refused to pay the attorneys' fees owed for that work.[68] These allegations satisfy each element of a Texas breach-of-contract claim.

---

[65] *See Black Sea Inv.*, 204 F.3d at 651.

[66] *See, e.g.*, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[67] *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

[68] Compl. ¶¶ 45–49.

2. <u>Defendants' "Termination for Cause" Theory Raises Fact Issues That Cannot Be Resolved on a Motion to Dismiss</u>

Defendants primarily argue that WSL forfeited its right to fees because it was allegedly terminated "for cause" and materially breached its duties during the Walmart litigation.[69] These arguments depend on disputed factual assertions that appear nowhere in the Complaint.

At this stage, the Court must accept the well-pleaded allegations in the Complaint as true and may not resolve competing factual narratives.[70] Whether WSL was terminated "for cause," whether any breach occurred, and whether such conduct would justify fee forfeiture are inherently fact-intensive issues that cannot be decided on a motion to dismiss.[71]

But even assuming the Court takes judicial notice of the Arkansas orders, those orders do not establish termination "for cause" as a matter of law for purposes of WSL's contractual fee rights. The December 2023 order addressed Walmart's motion for new trial based on Zest's failure to disclose the Bohling patent application in the context of Zest's own discovery obligations—it made no finding that WSL breached its engagement agreement with Defendants or that Defendants validly terminated WSL for cause under the terms of that agreement. Similarly, the October 2024 sanctions order reflects only that the Arkansas court was considering sanctions; it made no final finding of misconduct. Judicial notice of the existence of these orders does not permit this Court to accept Defendants' characterization of what those orders establish, to draw inferences in Defendants' favor, or to resolve disputed questions about whether the circumstances surrounding WSL's departure from the Walmart litigation constituted "cause" within the meaning of the WSL

---

[69] Mot. at 11–12.

[70] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[71] *See Burrow v. Arce*, 997 S.W.2d 229, 241–45 (Tex. 1999) (explaining that fee forfeiture involves a fact-intensive inquiry into the nature, seriousness, and consequences of the alleged misconduct.)

<u>**OPPOSITION TO MOTION TO DISMISS**</u> **Page 18**

engagement agreement.[72] The question of whether conduct underlying a court's ruling in collateral litigation constitutes "for cause" termination under a separate agreement is a question of contract interpretation and disputed fact and this cannot be resolved at the pleading stage.

Accordingly, Defendants' attempt to defeat WSL's breach-of-contract claim or Count IV based on an alleged termination "for cause" should be rejected.

       3.      <u>The Existence of a Contract Does Not Bar Alternative Pleading of Unjust Enrichment</u>

Defendants also seek dismissal of WSL's unjust enrichment claim on the grounds that the parties' relationship is governed by contract.[73] However, a plaintiff may plead inconsistent or alternative claims at the pleading stage, including quasi-contract claims such as unjust enrichment, even where the existence of a contract is alleged.[74]

Under Texas law, unjust enrichment occurs when one party obtains a benefit from another by fraud, duress, or the taking of an undue advantage.[75] At the pleading stage, a plaintiff may pursue unjust enrichment in the alternative where the validity or enforceability of a contract remains in dispute.[76]

---

[72] *See Ferguson v. Extraco Mortg. Co.*, 264 Fed. App'x. 351, 352 (5th Cir. 2007) (courts may take judicial notice of the existence of court documents but not of disputed facts within them); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir.1998).

[73] Mot. at 14.

[74] Fed. R. Civ. P. 8(d)(2)–(3); *see also United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 379 (5th Cir. 2004) (recognizing that Rule 8 permits plaintiffs to plead alternative and inconsistent theories of recovery).

[75] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

[76] *See, e.g., Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 561 (N.D. Tex. 2009) (denying dismissal of unjust enrichment claim pleaded in the alternative to contract claims).

The Complaint plausibly alleges that Defendants received substantial benefits from WSL's legal services and then refused to compensate WSL for that work.[77] Those allegations state a classic unjust enrichment claim: Defendants accepted and retained the benefits of WSL's services while declining to pay the compensation allegedly owed.[78]

Defendants' motion simply assumes that the engagement agreements are enforceable and will ultimately control the parties' relationship.[79] But that assumption cannot defeat an alternative equitable claim at the pleading stage. Rule 8 expressly allows plaintiffs to plead both contract and quasi-contract theories while the factual and legal issues surrounding the parties' agreements are resolved.[80]

WSL's unjust enrichment claim survives Rule 12(b)(6). The Complaint plausibly alleges that Defendants retained the benefits of WSL's services without providing compensation, and alternative pleading is expressly permitted under the Federal Rules. Defendants' request to dismiss that claim should therefore be denied.

## V. CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss, or in the Alternative Abstain, in its entirety and allow this action to proceed on the merits. Plaintiff further requests such other and further relief to which it may be justly entitled.

---

[77] Compl. ¶¶ 47–52, 85–89.

[78] *Id.*

[79] Mot. at 12–14.

[80] Fed. R. Civ. P. 8(d)(2)–(3); *Riley*, 355 F.3d at 379.

Dated: March 16, 2026,                     Respectfully submitted,

**BREWER ATTORNEYS &
COUNSELORS**

By: */s/ Joshua H. Harris*
William A. Brewer, III
(Bar No. 02967035)
wab@brewerattorneys.com
Joshua H. Harris
(Bar No. 2417306)
jkh@brewerattorneys.com

**Brewer, Attorneys & Counselors**
1717 Main St., Suite 5900
Dallas, TX 75201
Tel: 214-653-4000

*Attorneys for Plaintiff Williams Simons &
Landis PC*

<strong>CERTIFICATE OF SERVICE</strong>

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing Plaintiff Williams Simons & Landis PC's Response in Opposition to Defendants RiskOn International, Inc., Ecoark, Inc., Zest Labs Holdings LLC, and Zest Labs, Inc.'s Motion to Dismiss, or in the Alternative Abstain was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service.

/s/Joshua H. Harris
Joshua H. Harris